UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICKI WILHAM On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CFD INVESTMENTS, INC.,<br><br>Defendant. | No. 1:26-cv-00263-MPB-TAB |
| Adam Lehmann,<br><br>Interested Party. | |

**ORDER**

Plaintiff Vicki Wilham, on behalf of herself and a putative class, brought this action against Defendant CFD Investments, Inc. to redress injuries sustained in a data breach. Since Plaintiff filed this action, two more plaintiffs sued Defendant about the same data breach. *See James v. CFD Investments, Inc.*, No. 1:26-cv-284; *Lehmann v. CFD Investments, Inc.*, No. 1:26-cv-431. Before the Court are Motions to Consolidate Cases and competing Motions for the Appointment of Interim Class Counsel. (Docket Nos. 6; 11).

Because these three actions involve common facts, the Motions to Consolidate, (Docket Nos. 6; 11), are **GRANTED** to the extent that *Wilham v. CFD Investments, Inc.*, No. 1:26-cv-263, *James v. CFD Investments, Inc.*, No. 1:26-cv-284, and *Lehmann v. CFD Investments, Inc.*, No. 1:26-cv-431, are hereby consolidated pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42-1. The cases shall be consolidated under the cause number of the first-filed case: 1:26-cv-263. The Clerk of the Court is **directed** to docket a copy of this Order in 1:26-cv-284

and 1:26-cv-431, and those actions shall be administratively closed. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

As for interim class counsel, Plaintiff seeks the appointment of Jeff Ostrow of Kopelowitz Ostrow P.A. and Raina C. Borrelli of Strauss Borrelli PLLC. (Docket No. 6). Interested party Adam Lehmann, a plaintiff in one of the related actions, intervened and advocates for the appointment of Ben Barnow of Barnow and Associates, P.C. and William N. Riley of RileyCate, LLC. (Docket No. 11). Federal Rule of Civil Procedure 23 gives courts discretion to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts generally consider "(1) the work proposed interim lead counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources that counsel will commit to representing the class." Fed R. Civ. P. 23(g)(1)(A). Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," and should choose the applicant "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B), (g)(2).

Having reviewed the parties' submissions and considering the factors listed above, the Court appoints Ben Barnow of Barnow and Associates, P.C. and William N. Riley of RileyCate, LLC as Interim Class Counsel to lead and assure the orderly prosecution of this action. Both groups of counsel meet the criteria outlined in Rule 23 and are highly qualified to serve as interim class counsel. And both groups have extensive experience in litigating data breach actions. Ultimately, the Court appoints Ben Barnow and William Riley as interim class counsel due to the group's familiarity with litigating in this district. Plaintiff's Motion to Appoint

Counsel, (Docket No. 6), is therefore **DENIED in part**, and Lehmann's Motion, (Docket No. 11), is **GRANTED**. Interim class counsel has the responsibility and sole authority to carry out the following:

a. Finalizing and filing all pleadings, briefs, motions, and other papers on behalf of plaintiffs and the putative class;

b. Initiating, coordinating, and conducting all pretrial discovery for the benefit of plaintiffs and the putative class, including causing the issuance of interrogatories, document requests, requests for admission, subpoenas, and examining witnesses at depositions;

c. Conducting all settlement negotiations on behalf of plaintiffs and the putative class;

d. Acting as the spokespersons for plaintiffs and the putative class at pretrial proceedings in response to the Court's inquiries, subject to any right of individual plaintiffs' counsel to present non-repetitive, individual or different positions as directed by the Court;

e. Conducting trial and post-trial proceedings;

f. Conducting all appeals;

g. Consulting with and employing consultants and experts as they may deem appropriate;

h. Negotiating and entering into stipulations with Defendant regarding the litigation;

i. Monitoring the activities of plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and money are avoided;

j. Coordinating and communicating with Defendant's counsel with respect to the matters addressed in this paragraph; and

k. Performing such functions as may be expressly authorized by further orders of the Court.

Plaintiff shall file a consolidated class action complaint with twenty-eight days of this Order. All prior deadlines are hereby suspended.

**IT IS SO ORDERED.**

Dated: May 6, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.